# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 06mj194 |
| vs. | **DETENTION ORDER** |
| CLYDE ALVIN HOFFMAN, | |
| Defendant. | |

This matter came on for detention hearing on July 6, 2006. Assistant U.S. Attorney Forde Fairchild appeared on behalf of the plaintiff (the "Government"). The defendant Clyde Alvin Hoffman appeared in person with his attorney, Assistant Federal Defender Priscilla Forsyth. The Government offered the testimony of ATF Special Agent Zane Dodds.

The court must determine whether any condition or combination of conditions will reasonably assure Hoffman's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Hoffman as required and the safety of the community if the court finds there is probable cause to believe Hoffman committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. This presumption is subject to rebuttal by Hoffman. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1)(C). The probable cause

element of section 3142(e) that triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the evidence indicates that at the time of his arrest, Hoffman ran from police officers, refused to comply with their orders for him to halt, refused to remove his hand from his shorts pocket as directed, and had to be shocked with a tazer on two occasions. Officers discovered a handgun with an obliterated serial number in the pocket from which Hoffman had refused to withdraw his hand. Officers also found methamphetamine on Hoffman's person. In addition, Hoffman admitted to officers that he had been dealing unspecified quantities of methamphetamine for about six months, and he had been unable to comply with conditions of probation from previous felony charges. Hoffman also indicated his desire to go to El Salvador, where his wife and child apparently are living.

Hoffman has failed to offer any evidence to rebut the presumption that he would be a danger to the community. Viewing the record as a whole, the court finds nothing to indicate Hoffman would be able to refrain from continuing to engage in criminal activities if he were released. The court further finds Hoffman's history of eluding and his stated desire to leave the country indicate he is a serious flight risk.

Accordingly, the court finds the Government has proved by clear and convincing evidence that Hoffman would be a danger to the community if released, and that he is a flight risk. Therefore, the court finds the following:

1.  Hoffman is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Hoffman reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Hoffman to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Hoffman must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 6th day of July, 2006.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT